1                                               The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN SCOTT MILNER<br><br>                   Plaintiff,<br>     v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY,<br><br>                  Defendant. | No.  CV-06-1301- JCC<br><br>AGREED MOTION TO ESTABLISH BRIEFING SCHEDULE<br><br>Noted: May 3, 2012 |

Plaintiff Glen Scott Milner ("Milner") and Defendant United States Department of the Navy (the "Navy"), through their undersigned counsel, hereby file this their Agreed Motion for an Order Establishing a Briefing Schedule, and in support thereof, respectfully represent as follows:

**Background**

This case concerns Milner's request under the Freedom of Information Act ("FOIA") for Explosive Safety Quantity Distance ("ESQD") records prepared for Naval Magazine Indian Island in the Puget Sound.  The case is here on remand from the United States Supreme Court for further proceedings in light of that Court's decision in *Milner v. Department of the Navy*, ___ U.S. ___ , 131 S.Ct. 1259 (2011), which reversed the Ninth Circuit's holding that the ESQD records at issue in this case were covered by what was then known as the "high-2" doctrine, 5 U.S.C. § 552(b)(2), as interpreted by *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101-1271
(206) 553-7970

1    F.2d 1051 (D.C. Cir. 1981).  The Supreme Court remanded to the Ninth Circuit, which in turn

2    remanded to this Court, to address the alternative question, not reached by the lower courts, of

3    whether the ESQD information was "compiled for law enforcement purposes" and whether its

4    disclosure "could reasonably be expected to endanger the life or physical safety of any

5    individual," and thus qualify for protection under FOIA Exemption 7F.  5 U.S.C. § 552(b)(7)(F).

6         The parties completed briefing on the Exemption 7(F) question late last year.  However, on

7    December 31, 2011, while this Court was still considering the 7(F) question, the President

8    signed into law H.R. 1540, the National Defense Authorization Act for Fiscal Year 2012 (the

9    "Act"), which created a new 10 U.S.C. § 130e(a), and which permits the Secretary of Defense, in

10   accordance with Exemption Three of the FOIA, *see* 5 U.S.C. § 552(b)(3), to exempt from the

11   FOIA what the new statute calls "Department of Defense critical infrastructure security

12   information."  However,  in order to trigger the protections of Exemption Three of the FOIA

13   under the new statute, the Secretary of Defense (or upon delegation of this authority, the Director

14   of Administration and Management) must make a written finding to the effect that:

15        (1) The records in question constitute Department of Defense critical infrastructure
          security information; and

16
17        (2) The public interest consideration in the disclosure of such information does not
          outweigh preventing the disclosure of such information.

18   10 U.S.C. § 130e(a).

19        On February 8, 2012, this Court struck the Navy's motion for summary judgment (and by

20   implication Milner's cross-motion) after the Navy notified the Court that the Department of

21   Defense had begun the administrative process to obtain the requisite findings from the Secretary

22   of Defense (or the Director of Administration and Management), required by 10 U.S.C. § 130e

23   to exempt the ESQD records at issue in this case under Exemption Three of the FOIA.  This

24   Court, however, welcomed the parties to submit new briefing upon the conclusion of the Navy's

25   administrative process.

26        The administrative process is now coming to a close.  Although the process has taken

27   longer than originally anticipated (review has had to take place by nearly all components of the

28

AGREED MOTION FOR A SCHEDULING ORDER – 2
(CV-06-1301-JCC)

1  Department of Defense who may be required to use this process in the future), the administrative

2  process is now expected to conclude on or before June 6, 2012.

3      Accordingly, the parties respectfully request that this Court establish the following briefing

4  schedule:

5      1.    On or before June 6, 2012, upon the completion of the administrative process under 10

6  U.S.C. § 130e, the Navy agrees to provide to Milner's counsel for review its draft Vaughn Index

7  and declaration(s), as well as a copy of the administrative record of the Department's decision on

8  10 U.S.C. § 130e.

9      2.    Between June 6, and June 15, 2012, Milner and the Navy, through their counsel, will

10  work together to resolve any differences they have regarding the adequacy of the Vaughn Index

11  or the Navy's declaration(s), or any other matters involving the state of the administrative record,

12  in an effort to narrow the issues in dispute for the Court to decide.

13      3.    On July 13, to the extent any disputes remain between the parties, the Navy shall file

14  and serve its Motion for Summary Judgment, together with its final Vaughn Index and

15  supporting declarations, as well as the administrative record for the Department's Decision on 10

16  U.S.C. § 130e.

17      4.    On August 10, 2012, Milner shall file his Response to the Department's Motion for

18  Summary Judgment and a Cross-Motion for Summary Judgment.

19      5.    On September 7, 2012, the Navy shall file its Reply to Milner's Response and

20  Response to Milner's Cross-Motion for Summary Judgment.

21      6.    On September 21, 2012, in the event he determines it to be necessary, Milner shall file

22  a Reply to the Navy's Response to his Cross-Motion for Summary Judgment.

23      7.    The Navy's Motion for Summary Judgment shall be noted on the Court's motion

24  calendar for September 21, 2012.

25  //

26

27

28

AGREED MOTION FOR A SCHEDULING ORDER – 3
(CV-06-1301-JCC)

Respectfully submitted,

DATED: May 3, 2012

By:   _s /Peter A. Winn_____
      PETER A. WINN
      Assistant United States Attorney
      Attorney for Defendant

DATED: May 3, 2012.

By:   _s /David S. Mann_____
      DAVID S. MANN
      GENDLER & MANN, LLP
      Attorney for Plaintiff

AGREED MOTION FOR A SCHEDULING ORDER – 4
(CV-06-1301-JCC)